# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

LINDWOOD FULLOVE                                               PETITIONER

V.                                                                                           NO. 3:09CV082-D-A

RON KING                                                            RESPONDENTS

## MEMORANDUM OPINION

This cause comes before the court on the petition of Lindwood Fullove, inmate number 48107, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

On August 22, 1994, Fullove was convicted of escape in the Grenada County Circuit Court. He was sentenced to five years in the custody of the Mississippi Department of Corrections. Having signed a waiver, no appeal was perfected.

On February 7, 1995, Fullove was convicted of rape also in the Grenada County Circuit Court. He was sentenced as an habitual offender to serve thirty-five years without parole. His rape conviction and sentence were affirmed by the Mississippi Court of Appeals. *See Fullove v. State*, 704 So. 2d 471 (Miss. App. 1997). Fullove has previously challenged the rape conviction in this court without success. *See Fullove v. Booker*, No. 3:00CV72-P-A (dismissed with prejudice as barred by the statute of limitations on August 4, 2000).

Fullove filed the instant petition challenging both the escape and rape convictions on August 19, 2009, when he presumably deposited it in the prison mail system.

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

### Escape Conviction

Under Mississippi law, a defendant is allowed thirty days from the entry of the judgment to perfect an appeal. Miss. R. App. P. 4(a). Fullove did not pursue an appeal challenging his escape conviction and sentence within thirty days and, indeed, had waived any right to appeal. Thus, Fullove's judgment and became final thirty days after the sentencing order was entered August 22, 1994. In the absence of any further review, Fullove's escape sentence and conviction became final on September 21, 1994, the date on which his time for perfecting an appeal in state court expired.

The AEDPA one-year statute of limitations did not begin to run for those with convictions prior to the statute's enactment on April 24, 1996. Rather, federal habeas petitioner's who convictions became final prior to April 24, 1996–as is the case here– are entitled to a one-year grace period or until April 24, 1997, to file a petition. *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004).

Fullove, therefore, had one-year or until April 24, 1997, to seek federal review of his conviction and sentence or "properly file" an application for post-conviction relief in the state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). Fullove filled the instant petition on August 19, 2009, when he presumably delivered it to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners). His petition was, thus, filed 5476 days beyond the expiration of the one-year limitations period.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513-514 (5th Cir. 1999). Fullove has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. Consequently, as to the escape conviction, the petition must be dismissed with prejudice

### Rape Conviction

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. One of the changes dealt with second or successive writs. The AEDPA requires that before a district court considers a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Fullove has one before unsuccessfully challenged his 1995 rape conviction. See *Fullove v. Booker*, No. 3:00CV72-P-A (dismissed with prejudice as barred by the statute of limitations on August 4, 2000). This court may not consider a second or successive petition regarding the same conviction without permission from the Fifth Circuit Court of Appeals. There is no indication that Fullove has obtained such permission. Accordingly, to the extent the current petition challenges the rape conviction, it is also barred.

A final judgment in accordance with this opinion will be entered.

THIS the ____20____ day of August, 2010.

/s/ Glen H. Davidson
SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI